**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                              )
COREY LEA,                                    )
                                              )
            Plaintiff,                        )
                                              )
      v.                                      )        Civil Action No. 14-0423 (RBW)
                                              )
EXECUTIVE OFFICE FOR                          )
UNITED STATES ATTORNEYS *et al.*,             )
                                              )
                                              )
            Defendants.                       )
_____              )

**MEMORANDUM OPINION**

The plaintiff, proceeding *pro se*, brought this action under the Freedom of Information

Act ("FOIA"), 5 U.S.C. § 552 (2012), to compel the release of records from the Executive Office

for United States Attorneys ("EOUSA") and the United States Department of Agriculture

("USDA").  *See* Original Complaint ("Compl.") at 1-2, 4.  Currently pending is the Defendants'

Motion for Summary Judgment, ECF No. 18.  Despite the Court's advisements and warnings, the

plaintiff has not opposed the defendants' motion.  *See* Sept. 29, 2014 Order, ECF No. 24 (giving

the plaintiff "a final opportunity to address the defendants' summary judgment motion" by

November 24, 2014); Jun. 24, 2014 Order, ECF No. 19 ("*Fox-Neal* Order").  For the reasons

explained below, the Court will grant the defendants' motion in part, deny it in part, and dismiss

the remainder of the case under Fed. R. Civ. P. 41(b).[1]

---
[1]   Rule 41(b) authorizes dismissal when "the plaintiff fails to prosecute or to comply with these rules or a court order[.]"

# I. BACKGROUND

The defendants' undisputed material facts are as follows.  The plaintiff submitted a request to the EOUSA in May 2010, for what was characterized as "Authorization Documents." Declaration of David Luczynski ("Luczynski Decl."), ECF No. 18-2, ¶¶ 4-5.  By letter dated August 27, 2010, the EOUSA informed the plaintiff that it had processed 372 pages of records that were being withheld completely under FOIA exemptions 5 and 6.[2]  *Id*. ¶ 8.  The letter further informed the plaintiff that records originating with the USDA's Farm Service Agency that "may or may not be responsive to your request" were referred to that agency for processing and a direct response.  *Id*.

In response to the plaintiff's appeal, the Office of Information Policy ("OIP") remanded the plaintiff's request to the EOUSA to conduct a search for additional records in the United States Attorney's Office for the Western District of Kentucky.  *See id*. ¶ 9.  By letter dated November 19, 2010, the EOUSA informed the plaintiff that the remanded request was a duplicate of the previously processed request.  *Id*. ¶ 10.  By letter dated May 31, 2011, the OIP informed the plaintiff, among other things, that the additional search had located no additional records and "noted that you have not appealed [the November 19, 2010] response."  Luczynski Decl., Ex. I.

In May 2010, the USDA's Farm Service Agency received the plaintiff's request for documents pertaining to him.  Declaration of Marcinda M. Kester ("Kester Decl."), ECF No. 18-3, ¶ 3.  "On or about May 18, 2010," the Farm Service Agency "issued a response . . . indicating [that] no responsive records were found[.]"  *Id*. ¶ 5; *see* Compl. Attachment ("May 18, 2010 Letter").  The letter informed the plaintiff about his right to appeal the decision to the Farm Service Agency Administrator within 45 days.  *See* May 18, 2010 Letter at 2.  The Farm Service

---

[2]    The FOIA's nine exemptions are codified in 5 U.S.C. § 552(b).

Agency has no record of an administrative appeal from the plaintiff.  Kester Decl. ¶ 6 (paragraph number supplied).

## I.  LEGAL STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A court reviews an agency's response to a FOIA request de novo, 5 U.S.C. § 552(a) (4)(B), and "FOIA cases typically and appropriately are decided on motions for summary judgment," *ViroPharma Inc. v. Dep't of Health & Human Se*rvs., 839 F. Supp. 2d 184, 189 (D.D.C. 2012).  The agency "is entitled to summary judgment if no material facts are in dispute and if it demonstrates 'that each document that falls within the class requested either has been produced . . . or is wholly exempt from the [FOIA's] inspection requirements.'"  *Students Against Genocide v. U.S. Dep't of State*, 257 F.3d 828, 833 (D.C. Cir. 2001) (quoting *Goland v. CIA*, 607 F.2d 339, 352 (D.C. Cir. 1978)).

"To successfully challenge an agency's showing that it complied with the FOIA, the plaintiff must come forward with 'specific facts' demonstrating that there is a genuine issue with respect to whether the agency has improperly withheld extant agency records." *Span v. DOJ*, 696 F. Supp. 2d 113, 119 (D.D.C. 2010) (quoting *DOJ v. Tax Analysts*, 492 U.S. 136, 142 (1989)).  On the other hand, "[a] non-moving party's complete failure to come forward with evidence to demonstrate the existence of a genuine issue of material fact constitutes a reason for the grant of summary judgment under [Rule 56(e)]."  *Smith v. United States Dep't of Justice*, 987 F. Supp. 2d 43, 47 (D.D.C. 2013).

Summary judgment in a FOIA case may be based solely on information provided in an agency's supporting affidavits or declarations if they are "relatively detailed and nonconclusory," *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (internal quotations and citations omitted), and when they "describe the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record [or] by evidence of agency bad faith," *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981); *see Beltranena v. Clinton*, 770 F. Supp. 2d 175, 181-82 (D.D.C. 2011).

## II.  ANALYSIS

1.  The EOUSA's Response

The EOUSA has properly justified withholding responsive records in their entirety under FOIA exemption 5 as attorney work product and deliberative process material.  *See* Luczynski Decl. ¶¶ 16-20, 25 and Ex. J. (*Vaughn* Index); Memorandum of Points and Authorities in Support of Defendants' Motion for Summary Judgment, ECF No. 18-1, at 6-8; *cf. Judicial Watch, Inc. v. Dep't of Justice*, 432 F.3d 366, 371 (D.C. Cir. 2005) ("If a document is fully protected as [attorney] work product, then segregability is not required."); *Citizens For Responsibility & Ethics in Wash. v. Nat'l Archives & Records Admin.*, 583 F. Supp. 2d 146, 156-58 (D.D.C. 2008) (discussing deliberative process privilege and attorney work product doctrine). The plaintiff has not come forward with any contrary evidence.  Therefore, the Court will grant summary judgment to the EOUSA on its processing of responsive records.

The Court's review with regard to the EOUSA's referral of records compels a different result.  The referral of records to the originating agency does not automatically relieve the

EOUSA of its disclosure responsibility.  This is because agencies are "obligated to account for the responsive materials located in their records, even if the decision to release or withhold information is left to the component where those records originated[.]" *Fowlkes v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, ___ F. Supp. 3d ___, ___, 2014 WL 4536909, at *3, n.2 (D.D.C. Sept. 15, 2014).  The EOUSA's declarant has not addressed the outcome of the referral, and "a referral of records could constitute an improper withholding if the 'net effect [of the referral procedure] is significantly to impair the requester's ability to obtain the records or significantly to increase the amount of time he must wait to obtain them.'" *Plunkett v. Dep't of Justice*, 924 F. Supp. 2d 289, 305 (D.D.C. 2013) (quoting *Peralta v. U.S. Attorney's Office*, 136 F.3d 169, 175 (D.C. Cir. 1998)) (other citation omitted) (alteration in original).  The Court has no information to assess the propriety of the EOUSA's referral and, thus, must deny summary judgment on this aspect of the FOIA claim.

2.  The USDA's Response

    The plaintiff has not come forward with any evidence to rebut the USDA's evidence that he failed to exhaust his administrative remedies, *see* Kester Decl. ¶ 6, notwithstanding the advisements that were provided in the no-records response attached to the complaint.  Although in this circuit, failure to exhaust administrative remedies is treated as a jurisprudential, not a jurisdictional, bar to judicial review, the FOIA's administrative scheme favors dismissal of an unexhausted claim, *see Calhoun v. Dep't of Justice*, 693 F. Supp. 2d 89, 91 (D.D.C. 2010) (citing *Wilbur v. CIA*, 355 F.3d 675, 676 (D.C. Cir. 2004); *Hidalgo v. FBI*, 344 F.3d 1256, 1259 (D.C. Cir. 2003)).  Hence, the Court will grant summary judgment to the USDA on this ground alone.[3]

---

[3]    The defendants also seek summary judgment on the adequacy of the USDA's search but the supporting declaration lacks any details about the search to support summary judgment.  *See* Kester Decl. ¶ 4 (averring only that "I initiated a search for any requested documents pursuant to

(continued . . . )

### III.  CONCLUSION

For the foregoing reasons, the Court will grant the defendants' uncontested motion for summary judgment in part and deny it in part; in all other respects, the case will be dismissed.[4]


_____s/_____
Reggie B. Walton
DATE:  March 26, 2015                United States District Judge


_____

( . . . continued)
[the plaintiff's] FOIA request . . . ."  Kester Decl. ¶ 4; *cf. Cooper v. U.S. Dep't of Justice*, 890 F. Supp. 2d 55, 61 (D.D.C. 2012) ("To demonstrate the adequacy of its search at the summary judgment stage, the agency may rely upon reasonably detailed, nonconclusory affidavits submitted in good faith,  . . .  setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials  . . . were searched . . . .  At minimum, the agency affidavits must describe . . .  what records were searched, by whom, and through what process.") (quoting *Iturralde v. Comptroller of Currency*, 315 F.3d 311, 313-14 (D.C. Cir. 2003); *Steinberg v. DOJ*, 23 F.3d 548, 552 (D.C. Cir. 1994)) (internal quotation marks omitted).

[4]    A separate Order accompanies this Memorandum Opinion.